## DUNCAN v. CITY OF ABILENE et al.
### No. 915.

Court of Civil Appeals of Texas. Eastland.
Nov. 20, 1931.

Rehearing Denied Dec. 18, 1931.

Wilson & Childers, of Abilene, for appellant.

Davidson, Doss & McMahon, of Abilene, for appellees.

HICKMAN, C. J.

The only question presented by this case is one of limitation, and the statement of the case will be limited to such facts as pertain to that question only. The suit was by the city of Abilene for the use and benefit of the West Texas Construction Company, and by the West Texas Construction Company on its own behalf, against appellant, T. T. Duncan, on a paving certificate. The certificate was dated November 23, 1928, the day on which the paving was accepted by the city. It was payable in six equal installments, as follows: One within ten days after date, and the other five installments, one, two, three, four, and five years, respectively, after date. The interest rate was 7 per cent. per annum, payable annually. There was an optional maturity clause giving an election to the holder to declare the entire amount due upon default in the payment of any installment. It is agreed that the property, against which a lien was sought to be fixed by the city ordinance and foreclosed in this suit, was the homestead of appellant, and the existence and foreclosure of such lien was denied. The suit was filed December 4, 1930, two years and one day after the maturity of the first installment. The plea of limitation was sustained as to this installment and judgment rendered for the amount of the other five installments, with interest and attorney's fees.

Appellant does not contend that the city had no authority to impose a personal liability against him. His contention, as we understand it, is that, while the city had that power, it did not have the power to fix the time at which such liability should be payable; that the paving certificate was a contract between the city and the construction company, to which he was not a party, and he was therefore not bound by its terms. His conclusion is that all of his liability accrued on November 23, 1928, the date of the acceptance of the paving by the city, and that same was therefore barred by the two years statute of limitation.

We cannot agree with this conclusion. The city of Abilene was incorporated by a special statute. See Local and Special Laws, of the 32d Legislature, chapter 45, p. 247, et seq., Gammel's Laws, vol. 15. This statute expressly sets out the steps which shall be taken to fix liability against a property owner for street improvements, and section 119 thereof provides: "The Board of Commissioners may order that the assessments shall be payable in installments, but no deferred payment shall be beyond five years from the time of the completion of said improvements and its acceptance by the city; said ordinance shall prescribe the rate of interest on deferred payments; provided that the same shall not exceed eight per centum per annum, and may provide for the maturity of all deferred payments and their collection upon default in the payment of any installment of principal or interest."

The record before us discloses that the resolution of the city commission ordering the improvements provided for installment payments as authorized by the foregoing article; that the ordinance levying the assessments made a like provision; and that the certificate but followed the statute and ordinance. We can see no reason for limiting the power of the commission to fix the time of payments while at the same time conceding that it has the power to levy the assessment. It could exercise neither of these powers without statutory authority, and the same authority for levying the assessment and imposing the liability authorizes the fixing of the time within which the liability thus imposed shall be discharged. If the city had the power to do the one, which is not questioned, then it clearly had the power to do the other.

The judgment of the trial court will be affirmed.